## ELIJAH F. CALLAND *et ux.* *vs.* MICHAEL J. CONWAY.

The Supreme Court under its general chancery powers may make partition of realty between tenants in fee and tenants for years.

This jurisdiction neither rests on nor is affected by Pub. Stat. R. I. cap. 230, §§ 2-4.

A bill in equity for partition must allege that the parties are "seized or possessed" of their respective estates in the realty to be divided.

BILL IN EQUITY for partition. On demurrer to the bill.

Pub. Stat. R. I. cap. 230, §§ 2-4 provide :

"SECT. 2. All joint tenants, coparceners, and tenants in common, who now are or hereafter may be actually seized or possessed of any estate of inheritance in any lands, tenements, or heredita-

ments, in their own right or in the right of their wives, may be compelled to make partition between them of such lands, tenements, and hereditaments, by writ of partition or bill in equity.

" SECT. 3. All joint tenants, coparceners, and tenants in common, who now are or hereafter may be actually seized or possessed of any estate for life or years in any lands, tenements, or hereditaments, in their own right or in the right of their wives, may be compelled to make the partition between them of such lands, tenements, and hereditaments, to continue until the estate of some of the parties to the same shall determine, and no longer, by writ of partition.

" SECT. 4. All joint tenants, coparceners, and tenants in common, who now are or hereafter may be actually seized or possessed of any estate for life or years, in any lands, tenements, or hereditaments, in their own right or in the right of their wives, with others who have estates of inheritance in possession in the same lands, tenements, and hereditaments, may compel or be compelled to make partition of such lands, tenements, and hereditaments, to continue until the estate of some of the parties shall determine, and no longer, by writ of partition."

*Providence, October* 4, 1882. DURFEE, C. J. This is a suit in equity for partition. The bill sets forth that the complainants, in the right of the female complainant, are owners in fee of one undivided moiety of the estate in suit, and that the defendant is entitled to the other moiety, as lessee for ten years from September 1, 1881. The defendant demurs to the bill and contends that the court in chancery has no power to make the partition. He refers to Pub. Stat. R. I. cap. 230, §§ 2–4. By § 2 partition is compellable between joint tenants, coparceners, and tenants in common, who are seized or possessed of estates of inheritance, " by writ of partition or bill in equity ; " and by §§ 3 and 4 partition is compellable " by writ of partition " between tenants for life or years, or between tenants for life or years and tenants in fee. The court, if dependent for its jurisdiction on §§ 2–4, has jurisdiction only under § 2, and cannot grant relief in this suit. We think, however, the court has jurisdiction independently of them. The words " or by bill in equity," contained in § 2, first appear in the General Statutes, issued in 1872. They are not to

be found in the corresponding section in the Revised Statutes, issued in 1857. The jurisdiction is, however, recognized in the Revised Statutes in other sections, and was doubtless understood to have been conferred in the grant of full chancery powers. There can be no doubt, we think, that full chancery powers include a power to make partition between tenants in fee and tenants for years. The authorities cited for complainant show it. 1 Story Eq. Juris. § 656 ; *Baring* v. *Nash,* 1 Ves. & Bea. 551, 555 ; *Wotten* v. *Copeland,* 7 Johns. Ch. 140 ; *Wills* v. *Slade,* 6 Ves. Jun. 498 ; *Gaskell* v. *Gaskell,* 6 Sim. 643.

The demurrer, therefore, is not maintainable for the cause assigned. We notice, however, that the bill does not allege that the parties are " seized or possessed." This is necessary. The omission was doubtless inadvertent and can be supplied by amendment. *Demurrer overruled.*

*Charles E. Gorman & Walter H. Barney,* for complainants.
*Benjamin M. Bosworth,* for respondent.